# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK DAVIS, <br><br> Plaintiff, <br> vs. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br> Defendant. | No. 15-CV-1023-CJW <br><br><br> **MEMORANDUM OPINION AND ORDER** |

      The claimant, Frederick Davis (claimant), seeks judicial review of a final decision of the Commissioner of Social Security (the Commissioner) denying his application for Social Security disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* (Act). Claimant contends the Administrative Law Judge (ALJ) erred in determining he was not disabled. Doc. 15.

      For the reasons that follow, the court finds the ALJ erred, reverses the Commissioner's decision, and remands this case for further proceedings consistent with this order.

## *I. BACKGROUND*

      Claimant was born in 1971 and completed high school. AR 30, 41-42.[1] Claimant's past relevant work was as a truck driver and garbage collector driver. AR 30, 287. On May 1, 2012, claimant filed an application for disability benefits alleging

---

[1] "AR" refers to the administrative record below.

disability since June 30, 2011, due to abdominal pain, memory impaired by stroke, difficulty sleeping, loose stools, and stress. AR 208-229.

On December 20, 2013, the ALJ held an evidentiary hearing regarding claimant's application, at which he and a vocational expert testified. AR 37-75. On March 6, 2014, the ALJ issued a decision finding claimant was not disabled. AR 19-31. The ALJ found claimant had the following severe impairments: "obesity, depression vs. adjustment disorder, and pain disorder based on perceived symptoms."[2] AR 24. The ALJ also noted that claimant alleges abdominal pain, but found "there is no diagnosis in the record" and therefore found the condition a "non-medically determined impairment." *Id*. At step two of the analysis, the ALJ found claimant did not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impairment. AR 25. The ALJ concluded claimant cannot perform past relevant work, but has the residual functional capacity to perform light work. AR 26, 30. This included, *inter alia*, the ability to lift and carry 20 pounds occasionally and 10 pounds frequent, walk and stand and sit for up to six hours out of an eight-hour day, but that he should be limited to simple, routine, repetitive tasks. AR 26.

On May 19, 2015, the Appeals Council denied claimant's request for review. AR 1-4. On July 22, 2015, claimant filed suit in federal court seeking judicial review. Doc. 3. On October 9, 2015, with the consent of the parties, the Honorable Chief Judge Linda R. Reade transferred this case to a United States Magistrate Judge for final disposition and entry of judgment. Doc. 14. By January 19, 2016, the parties had fully briefed the matter, and this case was deemed ready for decision. AR 18.

---

[2] It is not clear from the ALJ's decision what pain disorder the ALJ is referencing, but because he states in the next sentence that claimant's abdominal pain is not diagnosed, it appears the ALJ is not referring to that pain.

## II. DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF

A disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905. An individual has a disability when, due to her physical or mental impairments, she "is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). If the claimant is able to do work which exists in the national economy but is unemployed because of inability to get work, lack of opportunities in the local area, economic conditions, employer hiring practices, or other factors, the ALJ will still find the claimant not disabled. 20 C.F.R. § 416.966(c)(1)-(8).

To determine whether a claimant has a disability within the meaning of the Act, the Commissioner follows the five-step sequential evaluation process outlined in the regulations. 20 C.F.R. § 416.920; *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). "Substantial" work activity involves physical or mental activities. "Gainful" activity is work done for pay or profit. 20 C.F.R. § 416.972(a)-(b).

Second, if the claimant is not engaged in substantial gainful activity, then the Commissioner looks to the severity of the claimant's physical and medical impairments. If the impairments are not severe, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). An impairment is not severe if "it does not significantly limit [the

3

claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a); *see also* 20 C.F.R. §§ 416.920(c), 416.921(a); *Kirby*, 500 F.3d at 707. The ability to do basic work activities is defined as having "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).

Third, if the claimant has a severe impairment, then the Commissioner will determine its medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) and the demands of his past relevant work. If the claimant cannot do his past relevant work, then he is considered disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). Past relevant work is any work the claimant has done within the past 15 years of his application that was substantial gainful activity and lasted long enough for the claimant to learn how to do it. 20 C.R.F. § 416.960(b)(1). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir.

2003) (internal quotation marks omitted); *See* 20 C.F.R. § 416.945(a)(1). The RFC is based on all relevant medical and other evidence. 20 C.F.R. § 416.945(a)(3). The claimant is responsible for providing the evidence the Commissioner will use to determine the RFC. *Id.* If a claimant retains enough RFC to perform past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC, as determined in Step Four, will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show there is other work the claimant can do, given the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 416.912(f), 416.920(a)(4)(v). The Commissioner must show not only that the claimant's RFC will allow him to make the adjustment to other work, but also that other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make the adjustment, then the Commissioner will find the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v). At step five, the Commissioner has the responsibility of developing the claimant's complete medical history before making a determination about the existence of a disability. 20 C.F.R. § 416.945(a)(3). The burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

If after these five steps, the ALJ has determined the claimant is disabled, but there is medical evidence of substance use disorders, the ALJ must decide if that substance use is a contributing factor material to the determination of disability. 42 U.S.C. § 423(d)(2)(C). The ALJ must then evaluate the extent of the claimant's limitations without the substance use. *Id.* If the limitations would not be disabling, then the disorder is a contributing factor material to determining disability and the claimant is not disabled. 20 C.F.R. § 416.935.

## III. THE SUBSTANTIAL EVIDENCE STANDARD

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). See also *Baldwin*, 349 F.3d at 555 (holding that the reviewing court does not "reweigh the evidence presented to the ALJ") (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)). Nor does the court "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Rather, the court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). *See also Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (holding that, in evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is

substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)). If, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## IV.  DISCUSSION

This case presented the ALJ, and presents this court, with a difficult decision. "Medical science confirms that pain can be severe and disabling even in the absence of 'objective' medical findings, that is, test results that demonstrate a physical condition that normally causes pain of the severity claimed by the applicant." *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004). Yet, whether and the extent to which a claimant suffers pain is in the claimant's head and "is always subjective." *Id.*, at 754. This case turns on the extent to which claimant suffers from abdominal pain for which no medical cause has been determined. Claimant argues the ALJ failed to: (1) fully develop the record by not ordering a psychiatric examination to determine if there was mental cause for claimant's abdominal pain; (2) find claimant's abdominal pain was a medically determinable impairment; (3) provide good reasons for assigning claimant's treating physician's opinions little weight; and (4) provide good reasons for finding claimant was

7

not fully credible regarding the intensity, persistence, and limiting effects of claimant's abdominal pain. Doc. 15. The court will address each of these claimed errors in turn.

### A. *Development of the Record*

Claimant argues the ALJ should have further developed the record by ordering a psychiatric examination to determine if claimant's abdominal pain has a psychological origin. Doc. 15, at 12-13. The Commissioner argues that claimant has the duty to develop the record, claimant was represented by counsel and did not ask for further development of the record, and the ALJ concluded there was sufficient evidence without further development of the record. Doc. 16, at 5-10.

It is well-settled that an ALJ "bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case." *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). *See also Cox v. Astrue*, 495 F.3d 614, 618 (8th Cir. 2007) (discussing ALJ's responsibility to fully develop the record). This is because an administrative hearing is a non-adversarial proceeding, so an ALJ must develop the record fully and fairly in order that "'deserving claimants who apply for benefits receive justice.'" *Wilcutts v. Apfel*, 143 F.3d 1134, 1138 (8th Cir. 1998) (quoting *Battles v. Shalala*, 36 F.3d 43, 44 (8th Cir. 1994)). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mower v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008) (citation omitted).

The ALJ contemplated having claimant examined by a psychologist or psychiatrist to determine if claimant has "some emotional problems or some depression or some mood problems that are kind of contributing to this pain symptom that you're having." AR 73. Claimant agreed to see a medical examiner for this purpose. AR 74. The ALJ explained, however, that he decided not to "order a mental consultative examination, because the

psychological reports of record show that claimant has intact mental functioning." AR 29.[3] The Commissioner noted that claimant had "minimal mental health treatment during the relevant period." Doc. 16, at 9. On July 30, 2012, claimant had his mental status examined at Hillcrest Family Services. AR 27. The examiner assessed claimant with a mood disorder due to chronic pain, and a Global Assessment Functioning (GAF)[4] score of 51 (indicating moderate functional limitations). AR 27, 478. This examiner noted that claimant could have some problems responding to changes in his environment because of pain and memory issues. AR 29. On December 6, 2013, claimant presented for an initial session of psychotherapy for pain management. AR 28. The assessment was pain disorder, and a GAF score of 58 (still indicating moderate functional limitations). In addition to these treatment records, a state agency medical consultant psychologist reviewed claimant's records on August 29, 2012, and opined that claimant had moderate limitations in: understanding, remembering, and carrying out detailed instructions; maintaining attention and concentration for extended periods; completing a normal workday and workweek without interruptions from psychologically-based symptoms; and responding appropriately to changes in the work setting. AR 85-86. This consulting doctor did not directly address claimant's abdominal pain.

---

[3] The ALJ similarly stated earlier on the same page: "I also note no need for any additional psychological consultative examination since psychological reports demonstrate intact functioning." AR 29.

[4] A GAF score has limited value and is of questionable reliability. The new DSM V eliminated the GAF score because of "its conceptual lack of clarity" and "questionable psychometrics in routine practice." DSM V (5th ed. 2013). Nor is there legal authority for the proposition that an ALJ or the court are required to give GAF scores weight. *Jones v. Astrue*, 619 F.3d 963, 973 (8th Cir. 2010) ("[W]e are not aware of any statutory, regulatory, or other authority requiring the ALJ to put stock on a [GAF] score.").

None of these limited mental health records, however, addresses the issue for which the ALJ originally contemplated a psychological examination; whether claimant's abdominal pain has a psychological cause. This is important because the ALJ found claimant's abdominal pain was not a medically determinable impairment because there was no medical explanation for the source of his pain. It is also important because the ALJ found claimant's pain complaint as not entirely credible. If there was a psychological source for claimant's abdominal pain, then it could impact whether there was a medically determinable impairment and could affect the ALJ's assessment of claimant's credibility.

The Commissioner argues that claimant had counsel, counsel did not ask the ALJ to further develop the record, and the ALJ is not required to function as plaintiff's counsel. Doc. 16, at 6-7. The ALJ's duty to fully develop the record exists, regardless of whether an attorney represents a claimant. *Snead*, 360 F.3d at 838 ("The ALJ's duty to develop the record extends even to cases like Snead's, where an attorney represented the claimant at the administrative hearing."). The Commissioner also argues that claimant has failed to show that he was prejudiced because the ALJ "included mental health limitations in his RFC finding . . . by limiting him to simple, routine, repetitive tasks that allow for no more than a few work place changes." Doc. 16, at 9. These limitations, perhaps, address nonexertional limitations pertaining to claimant's ability to concentrate despite his pain, but do not address the exertional limitations that, according to his treating physician, require him to, for example, lie down at unpredictable intervals. Moreover, these limitations do not fully address the intensity of claimant's alleged abdominal pain, which is tied, in part, to whether there is a psychological source for his pain.

## B. *Abdominal Pain as Medically Determinable Impairment*

Claimant argues his abdominal pain constitutes a severe impairment, based on his subjective complaints and his treating doctor's decision to take claimant off work and that doctor's opinions regarding claimant's inability to work because of the abdominal pain. Doc. 15, at 13. Claimant also argues that the absence of a medical diagnosis for the origin or cause of the abdominal pain does not preclude it from constituting a severe impairment because the pain could be psychological in origin. Doc. 15, at 14. The Commissioner argues that claimant failed to demonstrate his abdominal pain had more than a minimal effect on his ability to perform work activities. Doc. 16, at 10. The Commissioner concedes "the ALJ's discussion of [claimant's] alleged abdominal pain at step two is not precise," and argues it was an "inadvertent drafting mistake" which does not require remand because "the ALJ clearly indicated he considered the impairment when he assessed [claimant's] RFC." Doc. 16, at 10. Finally, the Commissioner argues that reversal is not necessary because claimant "has not identified any additional limitations that would preclude him from performing the jobs the ALJ identified." Doc. 16, at 15.

The court disagrees with the Commissioner. The ALJ did not include claimant's abdominal pain as a severe impairment at step two. The ALJ did not give full weight to his treating physician's assessment of the limitations this abdominal pain imposed on claimant and did not fully credit claimant's subjective assertions regarding the intensity of the pain. Thus, when the ALJ provided a hypothetical question to the vocational expert, it did not take into account these abdominal pain-related limitations. Had they, the vocational expert testified claimant was not employable. AR 68-71.

The ALJ found claimant was not disabled at step two of the analysis. It is not entirely clear to the Court what the Commissioner is claiming was a drafting mistake. It appears the Commissioner is arguing that the ALJ meant to include the abdominal pain

as a severe impairment, but argues the ALJ correctly concluded claimant was, nevertheless, not disabled.

As stated above, step two analysis involves the determination, based on the medical evidence, whether the claimant has an impairment or combination of impairments that significantly limits the claimant's ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(a)(4)(ii). "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on her ability to work." *Cavienss v. Massanari*, 250 F.3d 603, 605 (8th Cir. 2001). Whether claimant has such severe impairments, due to his abdominal pain, that it would more than minimally impact his ability to work, depends, in part, on the extent to which the ALJ would credit claimant's assertions regarding the intensity, duration, and limitations of that pain. The ALJ's credibility assessment would turn, in part, on whether there was a psychological explanation for that pain.

### C. Claimant's Treating Physician

Claimant argues the ALJ erred when he afforded claimant's treating physician, Dr. William Manzel, only "little weight" instead of "special" or "controlling" weight. Doc. 16, at 15-16. The Commissioner disagrees, arguing that the ALJ did not need to give controlling weight to Dr. Manzel's opinions because they were not supported by the medical evidence. Doc. 16, at 15-19.

Dr. Manzel opined that claimant was incapable of performing past work or any other gainful employment because he was unable to focus long enough to perform work due to his abdominal pain. AR 499. He also opined that claimant could not lift more than ten pounds and could never climb ladders or stairs, would be "off task" 20% of the time, "need to lie down or rest at unpredictable intervals," be incapable of even "low stress" work, and likely miss more than four days of work per month. AR 589. Dr.

Manzel also opined that claimant could rarely lift less than ten pounds, and never more than that. *Id*. The court notes, however, that Dr. Manzel did not fully complete the medical source statement. For example, although Dr. Manzel indicated claimant would need to lie down or rest at unpredictable intervals, he failed to indicate how often and for how long. *Id*. Similarly, although Dr. Manzel indicated that claimant would be incapable of even "low stress" work, the doctor left blank the space which called for him to explain the reasons for this opinion. *Id*.

The extent to which an ALJ is required to weigh the opinions of a treating physician is not simple. An ALJ must give a treating physician's opinion controlling weight, but only if it is supported by medically acceptable clinical and laboratory diagnostic techniques and is consistent with other medical evidence. *House v. Astrue*, 500 F.3d 741, 744 (8th Cir. 2007). The opinion of a treating physician:

> should not ordinarily be disregarded and is entitled to substantial weight. A treating physician's opinion regarding an applicant's impairment will be granted controlling weight, provided the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.

*Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (internal citations omitted). An ALJ is required to "assess the record as a whole to determine whether treating physicians' opinions are inconsistent with substantial evidence on the record." *Travis v. Astrue*, 477 F.3d 1037, 1041 (8th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)). "Although a treating physician's opinion is entitled to great weight, it does not automatically control or obviate the need to evaluate the record as a whole." *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1013 (8th Cir. 2000)). "The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions." *Id.*; *see also Travis*, 477 F.3d at 1041 ("A physician's statement

that is 'not supported by diagnoses based on objective evidence' will not support a finding of disability."); *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004) (an ALJ does not need to give controlling weight to a physician's RFC assessment if it is inconsistent with other substantial evidence in the record); *Cabrnoch v. Bowen*, 881 F.2d 561, 564 (8th Cir. 1989) (the resolution of conflicts of opinion among various treating and examining physicians is the proper function of an ALJ).

If an ALJ rejects the opinions of a treating physician, the regulations require that the ALJ give "good reasons" for rejecting those opinions. *See* 20 C.F.R. § 404.1527(d)(2). *See also Tilley v. Astrue*, 580 F.3d 675, 680 (8th Cir. 2009) ("The regulations require the ALJ to 'always give good reasons' for the weight afforded to the treating source's opinion.") (internal citation omitted). For example, an ALJ need not give any weight to a treating physician's opinion that a claimant is disabled as that is a conclusion reserved to the Commissioner to make. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (doctor's opinion that claimant is disabled involves issue reserved to Commissioner and is not type of medical opinion to which Commissioner gives controlling weight).

Here, the ALJ properly disregarded Dr. Manzel's opinion that claimant could not perform past work or any other gainful employment, as that is a conclusion for the ALJ, not a doctor, to make. As to Dr. Manzel's opinions regarding claimant's limitations due to abdominal pain, the ALJ discounted them because the cause of the abdominal pain was not diagnosed. AR 29-30. Whether there is a known cause for claimant's abdominal pain is not, however, the same issue as whether he has abdominal pain or whether that pain limits his ability to work. The Commissioner argues that Dr. Manzel's own treatment notes do not support or are inconsistent with his opinion, and the objective medical evidence as a whole, likewise, does not support Dr. Manzel's opinions. Doc. 16, at 17-18. Although there are portions of the notes and other medical records which

could call into question the extent of limitations tied to claimant's abdominal pain, the ALJ did not explicitly justify his discounting of Dr. Manzel's opinions on those grounds. This court may uphold an agency's action only on the ground stated, not on other grounds which may support it. Moreover, the court does not find Dr. Manzel's records significantly inconsistent with his conclusions, when read as a whole and when crediting claimant's subjective complaints regarding abdominal pain, as Dr. Manzel appears to have done. Indeed, there is nothing in Dr. Manzel's reports suggesting he doubted the intensity of the abdominal pain the claimant reported he was suffering. *See Savage v. Colvin*, 41 F. Supp. 3d 763, 772 (S.D. Iowa 2014) (noting that the treating physician "[n]ever once . . . express[ed] doubt as to the intensity of the headaches.").

### *D. Claimant's Credibility*

Claimant argues the ALJ improperly evaluated his subjective complaints and considered him not fully credible regarding the intensity, perception, and limiting effects of his symptoms. Doc. 15, at 16-20. Claimant argues that when, as here, there is inconclusive or equivocal evidence regarding the origin of claimant's nonexertional pain complaints, the ALJ cannot discount those complaints based solely on the lack of medical evidence. Doc. 15, at 17. The Commissioner argues that the ALJ properly evaluated claimant's credibility, taking into account claimant's reported daily activities, medical records, and other evidence in assessing claimant's subjective complaints. Doc. 16, at 19-22.

When determining residual functional capacity, an ALJ must evaluate the claimant's credibility regarding his subjective complaints. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). *See also Strongson*, 361 F.3d at 1070 (holding that, in determining a claimant's RFC, an ALJ should consider the claimant's "own description of [her] limitations" along with medical records and opinions from medical

professionals) (internal quotation and citation omitted). In doing so, an ALJ must consider objective medical evidence and any evidence relating to a claimant's daily activities; duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ does not have to discuss each Polaski factor as long as the ALJ recognizes and considers the *Polaski* analytical framework. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). "Although the ALJ may disbelieve a claimant's allegations of pain, credibility determinations must be supported by substantial evidence." *Jeffery v. Sec'y of Health & Human Servs.*, 849 F.2d 1129, 1132 (8th Cir. 1988) (internal citation omitted). "Moreover, the ALJ must make express credibility determinations and set forth the inconsistencies in the record that lead him to reject the claimant's complaints." *Id*. "Where objective evidence does not fully support the degree of severity in a claimant's subjective complaints of pain, the ALJ must consider all evidence relevant to those complaints." *Holmstrom v. Massanari*, 270 F.3d 715, 721 (8th Cir. 2001) (internal citation omitted). In evaluating a claimant's subjective complaints of pain, an ALJ may rely on a combination of his personal observations and a review of the record to reject such complaints. *Lamp v. Astrue*, 531 F.3d 629, 632 (8th Cir. 2009). The ALJ may not solely rely on his personal observations to reject such claims. *Id*. Thus "[s]ubjective complaints can be discounted [by the ALJ] where inconsistencies appear in the record as a whole." *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003) (citing to *Polaski* opinion).

The court now turns to review the record and the ALJ's decision with the following yardstick in mind that "[claimant's] credibility is primarily a matter for the ALJ to decide." *Edwards*, 314 F.3d at 966 (citing to *Pearsall*, 274 F.3d at 1218). Here, the ALJ found claimant's description of the intensity, persistence, and limiting effects of

claimant's pain were not entirely credible. AR 28. The ALJ not only cited the *Polaski* decision, but proceeded to consider each of the *Polaski* factors in turn. Although this court might reach a different conclusion, it is not for this court to substitute its credibility assessment for the ALJ's. That said, the court finds it appropriate to make several comments regarding the ALJ's credibility assessment.

First, the ALJ did not indicate in his decision whether he based his credibility assessment on his own observations of claimant. Reading the cold transcript of the hearing, however, it appears to the court the ALJ believed claimant was suffering significant abdominal pain even during the hearing. Throughout the hearing, the ALJ was solicitous to claimant's need to shift positions, stand, and sit at odd angles to alleviate the pain. The ALJ at one point said: "His behavior and presentation is so consistent through the record, you know, it seems credible . . . ." AR 73.

Second, in assessing claimant's credibility, the ALJ did not state in his decision whether he took into account the extent to which claimant has sought treatment for his abdominal pain, even though doctors are unable to determine its cause. In other words, claimant's history of seeking medical treatment and undergoing repeated colonoscopies and other intrusive tests and treatments may be inconsistent with the idea that claimant is exaggerating his pain. *See Carradine*, 360 F.3d at 755 (noting the "improbability that [the claimant] would have undergone the pain-treatment procedures that she did . . . mere in order to strengthen the credibility of her complaints of pain and so increase her chances of obtaining disability benefits . . . ."); *Easter v. Bowen*, 867 F.2d 1128, 1130 (8th Cir. 1989) (noting that the claimant "consistently sought medical treatment . . . and takes a number of prescription medications.").

Third, on remand, it will be important to address the impact of the psychological examination. An ALJ may not discredit allegations of pain merely because of a lack of objective evidence; instead, he may discredit subjective complaints of pain only if they

17

are inconsistent with the record as a whole. *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994). Here, it appears the lack of an explanation for claimant's subjective abdominal pain complaints was a leading factor in the ALJ's credibility determination. If there is a psychological explanation for the severity of claimant's abdominal pain, then those complaints may not appear so inconsistent to the ALJ.

Finally, the ALJ's assessment of the degree to which claimant's daily activities are inconsistent with his subjective pain complaints is questionable. The ALJ noted that claimant "remains capable of self-care and cooks on occasion . . . reads, listens to music and watches TV . . . [and] is able to drive." AR 29. The ALJ found these "activities suggest he is not near as functionally limited, as he alleged." *Id*. A "disability" under the Social Security Act does not mean total disability or exclusion from all forms of human and social activity. *Harris v. Secretary of the Dep't of Health and Human Servs.*, 959 F.2d 723, 726 (8th Cir. 1992) (claimant's ability to cook, shop, clean, do laundry and visit friends does not constitute substantial evidence that claimant can engage in substantial activity). "[A] claimant need not prove that he or she is bedridden or completely helpless to be found disabled." *Payton v. Shalala*, 25 F.3d 684, 687 n. 6 (8th Cir. 1994) (citing *Thomas v. Sullivan*, 876 F.2d 666, 669 (8th Cir. 1989)). "In order to find that a claimant has the residual functional capacity to perform a certain type of work, the claimant must have the ability to perform the requisite acts day in and day out, in the sometimes competitive and stressful conditions in which people work in the real world." *Payton*, 25 F.3d at 687 (citing *McCoy v. Schweiker*, 683 F.2d 1138, 1147 (8th Cir. 1982) (en banc)). "The ability to prepare meals for dependents, occasionally visit with friends, watch TV, and read does not qualify as the ability to do substantial gainful activity … and cannot reasonably be characterized as 'a great deal of physical activity.'" *Payton*, 25 F.3d at 687 (citing *Thomas*, 876 F.2d at 669).

There may be other reasons to determine claimant is not entirely credible, but there is nothing about claimant's very limited, intermittent, daily activities which appear inconsistent with his subjective complaints of suffering from disabling abdominal pain.

## V. CONCLUSION

The court finds that the ALJ erred in failing to fully develop the record by having claimant examined to determine if there is a psychological cause for his abdominal pain. The consequence of this examination may also impact the ALJ's determination, at step two, that claimant's abdominal pain was not a severe impairment, the proper weight to give to claimant's treating physician's opinions regarding the limitations resulting from that pain, and the assessment of claimant's credibility regarding the intensity and duration and limiting effects of that pain. The court also finds the ALJ's credibility analysis is erroneous, at least to the extent that the ALJ found claimant's limited, intermittent daily activities were inconsistent with his subjective pain complaints.

The court is not suggesting by this opinion that claimant is disabled or even, for that matter, that the ALJ necessarily needs to find claimant fully credible. The court does not conclude the medical records overwhelmingly support a finding of disability, but neither can the court, on this record, conclude that substantial evidence on the record as a whole supports the ALJ's decision.

Title 42, United States Code, Section 405(g), provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." When courts find the Commissioner improperly denied benefits, they "ordinarily will remand for further proceedings out of an abundance of deference to the agency's authority to make benefits determinations." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000). "Where the total record is

overwhelmingly in support of a finding of disability and the claimant has demonstrated [his] disability by medical evidence on the record as a whole," however, this court need not remand the case for rehearing, but may remand it for an award of benefits. *Galvin v. Heckler*, 811 F.2d 1195, 1201 (8th Cir. 1987).

In the present case, the court concludes that the medical records as a whole do not "overwhelmingly support a finding of disability." *Beeler v. Bowen*, 833 F.2d 124, 127 (8th Cir. 1987). Instead, the court finds the ALJ failed to: (1) fully and fairly develop the record with regard to whether claimant's abdominal pain has a psychological cause; (2) give proper weight to the claimant's treating physician's opinions; and (3) properly consider claimant's subjective allegations of pain and disability.

Accordingly, the court remands this case for further proceedings consistent with this opinion.

**IT IS SO ORDERED** this 7th day of July, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa