# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| FREDERICK A. DAVIS,<br><br>    Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY, Carolyn W. Colvin, Acting Agent,<br><br>    Defendant. | No. 15-CV-1023-CJW<br><br>ORDER |

This matter is before the Court pursuant to plaintiff's "Amended Application for Fees Pursuant to EAJA" (Doc. 23), requesting attorney fees in the amount of $4,006.10. Plaintiff attaches to the application a brief and exhibits. (Doc. 23-1).

In response, defendant filed "Defendant's Response To Plaintiff's Motion For EAJA Fees (Doc. 24), stating defendant has no objection to plaintiff's request for attorney fees under the EAJA in the amount of $4,006.10.

Further, Defendant states that:

> In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States.

Doc. 24.

Although the Court is aware that the Government and the SSA have a practice of paying some EAJA fee awards directly to attorneys in Social Security cases, the Court is persuaded that the attorney fee award shall be made payable to plaintiff as the "prevailing party." The statute setting forth the standard for "prevailing party" fees "makes clear that the "prevailing party" (not her attorney) is the recipient of the fees award by requiring the *prevailing party* to demonstrate that her net worth falls within the range the statute request for fees awards." *Ratliff*, 560 U.S. at 594.

28 U.S.C. § 2412(d), provides:

> A court shall award to a prevailing party . . . fees and other expenses . . . in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified.

*Id*.

As mentioned, "[an EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratliff*, 560 U.S. 586 (2010).

While the Court is aware in some cases a fee agreement between the plaintiff and his/her lawyer may exist, where plaintiff has assigned his/her fee award to his/her attorney, the court is bound to enforce the statutes passed by Congress. The fee agreement is between plaintiff and his/her attorney, and the Court will not disturb or enforce the provisions of the agreement when awarding EAJA fees based upon the provisions of a statute. However, the check made payable to Frederick A. Davis, the plaintiff, may be delivered to plaintiff's attorney. This court has previously found that such a request is appropriate if it is consistent with the Commissioner's and the Department of Treasury's practices. *Kunik v. Colvin*, No. C13-3025-LTS, 2014 WL 1883804, at *3 (N.D. Iowa

May 12, 2014); *Tracy v. Colvin*, No. C11-3072-MWB, 2013 WL 1213125, at *2 (N.D. Iowa Mar. 25, 2013).

28 U.S.C. § 2412(d) of the EAJA provides for the award of fees and expenses if: (1) the party requesting the fees prevailed; (2) the position of the United States was not "substantially justified;" (3) the fees were incurred by the moving party in a "civil action . . . including proceedings for judicial review of agency action;" (4) the action was brought by or against the United States; (5) the court entering the ruling had "jurisdiction of that action;" (6) the party seeking fees submitted an application 30 days after final judgment, specifying the "amount sought, including an itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed;" (7) the amount sought is reasonable under the circumstances; and (8) there are no "special circumstances" making "an award unjust." (citation omitted).

In this case, Plaintiff has satisfied each necessary element. Plaintiff prevailed in a civil action against the Commissioner of Social Security because the case was remanded for further proceedings. (Doc. 19). This Court properly exercised jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner was not substantially justified in that the overwhelming weight of the evidence supported the conclusion that the Commissioner's decision should be remanded for further consideration. Plaintiff's request for attorney's fees included an itemized statement of the actual time expended (Doc.23-1). Neither the Commissioner nor this Court consider the amount agreed upon by the parties to be unreasonable under the circumstances.[1] And, finally, this Court is unaware of any special circumstances which would render the award unjust.

---

[1] 28 U.S.C. § 2412(d)(2)(A) provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living . . . justifies a higher fee." (citation omitted). In this case, the Court has reviewed the Itemization of Fees provided by Attorney Kruse regarding the charged rate in this case (Doc. 23-1).

3

**Therefore, attorney fees under EAJA are granted in the agreed upon amount of $4,006.10 payable to the plaintiff, by the Social Security Administration, and mailed to plaintiff's attorney's address after any offset.**

**IT IS SO ORDERED** this 20th day of January, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa